UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Tuquan Rogers,

                      Plaintiff,

      -v-

The City of New York, New York City Police Department Officer ("P.O.") Francisco Garcia, Shield No. 19234, and P.O. John Doe 1-4, in their individual capacities,

                      Defendants.
------------------------------------------------------------x

**AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 16-CV-1339(LTS)

Plaintiff Tuquan Rogers, through his attorney David B. Rankin of Rankin & Taylor, PLLC, as and for his amended complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis arrested him without justification. By reason of defendants' actions, including their unreasonable and unlawful seizure of his person, he was deprived of his constitutional rights.

3. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

1

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff Tuquan Rogers was at all times relevant to this action resident of the County and State of New York.

8. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. NYPD Officer ("P.O.") Francisco Garcia, Shield No. 19234 ("Garcia") and John Does 1-4 (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The individual defendants are being sued herein in their individual capacities.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12.  The true names and shield numbers of defendants P.O. John Does 1-4 are not currently known to the plaintiff.[1] However, they are employees or agents of the NYPD. Accordingly, they are presumptively entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants become known to plaintiff and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

13. Mr. Rogers was falsely arrested by P.O. Garcia and P.O. Doe 1-4 on August 9, 2014 at approximately 3:00 p.m. near the intersection of 132nd Street and Madison Avenue in the County and State of New York.

14. On the date of his arrest, Mr. Rogers was having a conversation when the individual defendant officers arrived on the scene.

15. After arriving the officers ordered Mr. Rogers and others to get up against a gate, where they were frisked.

16. Mr. Rogers was handcuffed, arrested, placed in an NYPD van and taken to a precinct.

17. At the precinct, Mr. Rogers was strip-searched by Officers John Doe 1 and John Doe 2.

18. Mr. Rogers was taken to Manhattan's central booking.

19. Mr. Rogers was eventually released from central booking, without being charged.

---

[1]  By identifying said defendants as "John Doe" plaintiffs are making no representations as to the gender of said defendants.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
### (Against all Defendants)

20. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

21. By the individual defendants' conduct and actions in falsely arresting plaintiff, fabricating evidence against plaintiff, abusing process, and by failing to intercede to prevent the complained of conduct by defendants acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

22. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS – 42 U.S.C. § 1983
### (Against Defendant City of New York)

23. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

24. At all times material to this complaint, defendant City of New York had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

25. At all times material to this complaint, defendant City of New York failed to properly train, screen, supervise, or discipline its employees and police officers, including individual

defendants, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individual defendants.

26. The policies, practices, customs and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

27. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

28. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

///

///

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d.	For such other further and different relief as to the Court may seem just and proper.

Dated:	June 24, 2016
	New York, New York

Respectfully submitted,

By: _____
David B. Rankin
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 1007
t: 212-226-4507
e: david@drmtlaw.com